# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1937V
UNPUBLISHED

| | |
|---|---|
| KIRSTEN SOMARELLI,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: January 3, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Meningococcal Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jason Robert Ohliger*, Weinstein, Zimmerman & Ohliger, Milford, PA, for petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

      On December 19, 2018, Kirsten Somarelli filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she sustained a SIRVA after receiving a BexSero-Serogroup B Meningococcal vaccine on June 18, 2018. Petition at 1. Petitioner further alleges that she received the vaccination in the United States, that she suffered the residual effects of her SIRVA for more than six months, and that she has not filed a civil action or received compensation for her SIRVA. *Id.* at 2-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

      On January 2, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent concluded that "Petitioner's alleged injury is consistent with SIRVA as defined on the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation, or dysfunction of her right shoulder; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain . . . . Additionally, based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months." *Id.* at 5-6 (citing 42 C.F.R. §§ 100.3(a), (c)(10); 42 U.S.C. §§ 300aa-13(a)(1)(B), 300aa-11(c)(1)(D)(i)). Respondent further agrees that the scope of damages to be awarded is limited to Petitioner's SIRVA and its related sequela only. *Id.* at 6.

      **In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                        **s/Brian H. Corcoran**
                                        Brian H. Corcoran
                                        Chief Special Master