<span style="color:red">CORRECTED</span>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1937V
(not to be published)

| | |
|---|---|
| KIRSTEN SOMARELLI, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: June 19, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*Jason Robert Ohliger*, Weinstein, Zimmerman & Ohliger, Milford, PA, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 19, 2018, Kirsten Somarelli filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she sustained a SIRVA after receiving a BexSero-Serogroup B Meningococcal vaccine on June 18, 2018. (Petition at 1). On February 26, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 32).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 21, 2020, requesting $7,575.00 in fees and $419.50 in costs. (ECF No. 36). In accordance with General Order #9, counsel for Petitioner filed a signed statement representing that Petitioner incurred no out of pocket expenses. (ECF No. 38). Respondent reacted to the motion on April 23, 2020, indicating that he does not object to the overall amount sought, but that his lack of objection should not be construed as an admission, concession or waiver as to the hourly rates, requested number of hours to number of hours billed. (ECF No. 39). Petitioner did not file a response thereafter.

In light of all the facts and circumstances of this case, particularly including the history of expedited resolution within the Special Processing Unit, and mindful of Respondent's acquiescence (by non-opposition) to the fees and costs requested, I find (after reviewing the submitted billing records, and based on my experience evaluating fee applications in similar Vaccine Act claims) that the overall amount sought for attorney fees and costs is reasonable. Thus, especially in the absence of any particularized objection from Respondent, further analysis is not warranted. Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, Special Masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). *J.B. v. Health & Human Servs.*, No. 15-67V, 2016 WL 4046871 (Fed. Cl. Spec. Mstr. July 8, 2016) (addressing attorneys' fees and costs in the context of a history of attorneys' fees and costs awards in over 300 similarly situated SPU cases.)

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award as follows:

- **A lump sum of $7,994.50, representing reimbursement for attorney's fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

2

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
